HANLON, JUDGE:
On February 24, 1987, Mary Berkley was operating claimants' 1984 Ford Bronco II on State Route 14 in Chattaroy, Mingo County, when the vehicle encountered ice. As a result, the Bronco went over an embankment and landed in a creek. Claimants seek $115,945.08 for medical expenses, personal injury to claimant Mary Berkley, damage to their vehicle, and loss of consortium on the part of claimant Carl Berkley.
Claimants allege that respondent had actual and constructive notice of the ice in the month of January 1987. Respondent alleges that the driver of the accident vehicle was familiar *119 with the road. She was award of the propensity of water to collect on the road and she was negligently operating her vehicle for the road conditions then and there existing.
Claimant Mary Berkley was traveling to work at approximately 6:45 a.m. on the day of the accident. She testified that she was operating her vehicle between 20 and 25 miles per hour. She had encountered ice previously in this area. However, on the evening preceding her accident the road was not slick. She indicated that the ditch at the accident location was blocked by debris year round. Additionally, she had observed ice at this particular site three or four times prior to this accident, but she had not reported her concerns to respondent.
As a result of the accident, claimant Mary Berkley sustained personal injuries. She was examined by Dr. Zamora immediately following the accident in the emergency room or Williamson Memorial Hospital. However, contrary to the doctor's directions, she did not return for further treatment nor did she receive physical therapy as instructed by the physician. She returned to work a week after the accident. She testified that due to her injuries, which included back pain, she was unable to work as many hours as she had prior to the accident in her position as parts Manager at Muncy’s Automotive in Nolan.
Claimant Carl Berkley testified that he was familiar with the area of the accident because he has resided there for 15 years. There has been a problem with drainage in the area since 1963. He also testified as to his wife's limitations following the accident. She complains of pain daily, which was not the case prior to the accident. She is unable to perform simple household chores, and can not assist him with year work. They now lack a social life, whereas previously they enjoyed dancing and other activities.
Edward Hatfield testified that he witnessed the accident. He was 200 to 300 feet behind claimant in his vehicle. Mr. Hatfield estimated claimant Mrs. Berkley's speed at approximately 30 to 35 miles per hour. The creek was on the left side of the road, and the ditch was on the right side. He stated that the ice was noticeable on the highway on the date of the accident "only when you got up right close to it."
Respondent established that the clerk at the Mingo County headquarters, Patricia Pyrtle, could not remember having received any complaints concerning this section of Route 14 before February 24, 1987. The written records for telephone complaints are not available for complaints made on or before February 24, 1987, as respondent does not retain the records for more than a month.
Earl David Bevins, Maintenance Engineer with respondent in Huntington, testified concerning ditching standards followed by respondent. Ditching is normally performed during the months of March, April, May, June, August, September, October and possibly during November, December, January or February. He is familiar with Route 14 in the area of the accident because he has traveled this route since the early 1970's. He is described the road as a secondary route, 16/17 feet in width, and composed of hot-laid bituminous concrete with shoulders approximately three feet wide. He stated that it's a "relatively high maintenance area" as ditch *120 lines fill rapidly with trash and other debris.
Mr. Bevins further testified that he received a Xeroxed copy of a January 20th, 1987, Williamson newspaper photograph concerning the water and ditch hazards on this particular section of Route 14. However, he is certain that he did not receive and review this Xeroxed copy until late February 1987. He made a notation on the copy of the news article which stated, "Need ditches pulled ASAP. To be pulled while Grade-All is in the county." There is a lag time between requests and the scheduling of the use of Grade-Alls due to a minimum number of Grade-Alls. He could find no evidence of oral or written notice of complaints about this section of Mingo County Route 14 prior to receiving the newspaper clipping. This is a state local service route as opposed to being a feeder route, trunk line, or expressway, and as such, it is a low priority area for maintenance.
The Court, having reviewed the record in this claim, is of the opinion that respondent had constructive, if not actual, notice of the propensity of this area of State Route 14 to accumulate water as a result of the lack of maintenance of the ditch lines. It is reasonable to assume that water allowed to accumulate on the orad would create an ice hazard to the traveling public during the winter months. However, as claimant Mary Berkley was also familiar with this location and the problems of water accumulating on the surface of the road, she also had notice that ice may form in the area. It is the opinion of the Court that both respondent and claimant Mary Berkley were negligent. In accordance with the doctrine of comparative negligence, the Court finds claimant Mary Berkley 40 per cent negligent and respondent 60 per cent negligent.
As a result of this accident, claimant Mary Berkley suffered severe injuries to her back. Testimony from her treating physician, Dr. Donald G. Vaughan, substantiated that claimant experienced pain after the accident from the injuries and that she has been receiving treatment since that time. It will be necessary that she receive further medical treatment through October 1989. He stated that she will need treatment from time to time in the future. Her medical bills from treatment were $1,368.00.
Claimant Mary Berkley also established a loss of income as a result of the injuries during the remainder of 1987 and in 1988 and 1989. The Court was provided documentation that these losses totaled approximately $12,000.00.
She incurred medical bills for emergency room treatment and for physical therapy in the amount of $721.00. She had medical prescription expenses but these expenses were not satisfactorily proven to the Court.
The Court, having reviewed all of the medical expenses, loss of work, and pain and suffering, has determined that claimant Mary Berkley has sustained damages in the amount of $18,589.00, which will be reduced by 40 per cent. The Court therefore makes an award to claimant Mary Berkley in the amount of $11,153.40. The Court makes no award to claimant Carl *121 Berkley for loss of consortium.
Award of $11,153.40 to Mary Berkley
Judge Baker did not participate in the hearing or decision of this claim.